condemned in *Booker*. Blanco concedes that his argument is foreclosed by *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. In light of *Rita v. United States*, —— U.S. ——, ——, 127 S.Ct. 2456, 2462–68, 168 L.Ed.2d 203 (2007), the issue remains foreclosed. Blanco also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe. Blanco concedes that this argument is foreclosed by *United States v. Tzep–Mejia*, 461 F.3d 522, 527 (5th Cir.2006), which held that *"Booker* does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy." Finally, Blanco raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samuel VASQUEZ–MENDOZA,**
**Defendant–Appellant.**

**No. 06–41157**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 11, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Samuel Vasquez–Mendoza raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Maria Micaela BARRON–RODRI-
GUEZ, Defendant–Appellant.

No. 06–41003
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Maria Micaela Barron–Rodriguez

raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Aurora AGUILAR–CORTEZ, also known as Aurora Hernandez, also known as Maria Martinez Rodriguez, also known as Maria Rodriguez, Defendant–Appellant.

No. 06–20998
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.